IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALL UNKNOWN HEIRS OF DONNA ) <br> GIGILTTI, DEDEASED, ) <br> ) <br> Defendants. ) | Civil Action No. 14-00298 E |

**REPORT AND RECOMMENDATION**

CYNTHIA REED EDDY, United States Magistrate Judge.

## I. RECOMMENDATION

On February 9, 2015, United States of America ("Plaintiff") filed a Motion for Default Judgment (ECF No. 8) against All Unknown Heirs of Donna K. Gigliotti, Deceased ("Defendants"). After careful review of Plaintiff's Complaint (ECF No. 1), the Request for entry of Default (ECF No. 7), and the Motion for Default Judgment, together with the exhibit attached thereto, it is respectfully recommended that Plaintiff's Motion for Default Judgment be granted and the Order requested by the Plaintiff (ECF No. 8, Attachment 1) be entered against Defendant.

## II. REPORT

### A. Procedural and Factual Background

This action was brought on behalf of the United States Department of Agriculture, Rural Housing Service to foreclose on a Note and Mortgage upon real property situated in McKean County in the Commonwealth of Pennsylvania and commonly known as 12 Kent

1

Drive, Bradford, PA 16701. (ECF No. 1, with exhibits A-D). The Complaint was filed on December 1, 2014, and alleges that Plaintiff made a loan to Donna K. Gigliotti in the sum of $25,000, payable in monthly installments as evidenced by a Promissory Note dated July 8, 1992. (ECF No. 1, Exhibit A). The Note was secured by a mortgage in the sum of $35,000 ("Mortgage") on the aforesaid property, which was duly recorded on July 8, 1992, with the Office of the Recorder of Deeds, McKean County, Pennsylvania, in deed Book 149, Page 1161. (ECF No. 1, Exhibit B).

According to the Complaint, the borrower, Donna K. Gigliotti, died on or about January 24, 2014, an intestate resident of the Commonwealth of Pennsylvania. No estate has been opened for Donna K. Gigliotti and she remains the owner of record. Donna K. Gigliotti is in default under the Note and Mortgage as a result of a failure to make payments when due. As a result of the failure to make payment, Plaintiff accelerated the balance due and Donna K. Gigliotti is now in default for failing to pay Plaintiff the accelerated balance. By letter dated February 20, 2014, Plaintiff sent a Notice of Intention to Foreclose (ECF No. 1, Exhibit C) by certified mail to the last known address and the address of the subject property.

The accelerated balance now due to Plaintiff on the Note is as follows:

| | | |
|---|---|---|
| (a) | Principal and advances | $23,989.43 |
| (b) | Interest through 5/15/14 | $688.63 |
| (c) | Interest Credit Subject to Recapture | $13,856.18 |
| (d) | Attorney Fees | $1,500.00 |
| (e) | Escrow Due | $651.52 |
| | TOTAL | $40,685.76 |

together with interest at 8.25% per annum to the date of judgment, plus interest from the date of judgment at the legal rate, reasonable attorneys' fees and collection costs.

On December 10, 2014, plaintiff filed a Motion for Alternate Service stating that Donna K. Gigliotti had died, that no estate had been opened for her and that her known heirs, Jeffrey G. Gigliotti, Gail A. Wichensky, Deborah Rose, and Amy Gigliotti, had waived and released their interest in the Property. Since any other heirs are unknown, Plaintiff requested service pursuant to Pennsylvania Rule of Civil Procedure 410, by publication. (ECF No. 3). The motion was granted on December 11, 2014 (ECF No. 4). The U.S. Marshal posted the property on January 16, 2015. (ECF No.6). The Proof of Publication was filed on February 3, 2015. (ECF No. 5).

On February 10, 2015, the Clerk entered Default as to "ALL UNKNOWN HEIRS OF DONNA K. GIGLIOTTI. " (ECF No. 9). Plaintiff filed a Motion for Default Judgment, pursuant to Rule 55 requesting a sum certain total of $40,685.76, including principal, interest to date, interest credit subject to recapture, penalty charges and attorney fees, together with post judgment interest and reasonable attorneys' fees and collection costs. Plaintiff seeks a judgment in mortgage foreclosure and seeks to sell the subject property to satisfy the judgment.

### B. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Entry of default judgment is a matter within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations

3

of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also* Stout Street Funding LLC v. Johnson, 2014 WL 5591043 *2 (E.D.Pa. Nov. 4, 2014).

### C. Analysis

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants. It has shown that (1) the Complaint was personally served by publication and posting on the property by the U.S. Marshals Service; (2) no Defendant has appeared; (3) default was entered against the Defendant by the clerk of court. In addition, Plaintiff has also shown with specificity how it calculated the amount of the judgment.

The court has considered the Chamberlain factors and finds that the prejudice to the Plaintiff resulting from the borrower's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the court granting default judgment. *See* Asendia USA, Inc. v. AdvancePost, Inc., 2013 WL 877132, *2 (M.D.Pa. March 8, 2013) ("When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.") (quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir. 1990)). Further the Defendants' default was either a result of the absence of any unknown heirs of Donna K. Gigliotti or a result of culpable conduct as evidenced by the refusal to respond to the Complaint. *See* World Entertainment Inc. v. Brown, 487 Fed.Appx. 758, 762 (3d Cir. 2012). Consequently, default judgment is appropriate.

A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d,* § 2688 at 58-59 (1998); *see also*

4

Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). If the damages are not for a sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper. Fed.R.Civ.P. 55(b)(2); *see also* Comdyne I, Inc., 908 F.2d at 1149. The Court may proceed by live testimony, affidavit or other appropriate evidence. International Longshoreman's Ass'n AFL–CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel, 995 F.Supp 564, 573 (E.D.Pa. 1998); *see also* Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Here, the plaintiff has provided, by a preponderance of the evidence, including all relevant documents, declarations, proofs of service and verification of all relevant documents, an adequate basis to substantiate the requested damages. No Defendant has submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

## III.  CONCLUSION

Accordingly, based upon the undisputed facts and the evidence presented through the pleadings, it is respectfully recommended that the Order requested by the Plaintiff (ECF No. 8, Attachment 1) be entered against Defendant[s].

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Cynthia R. Eddy
United States Magistrate Judge

cc: all counsel of record